GOLDING BROS. CO., INC. *v.* UNITED STATES

No. 6234.—Invoices dated Sweveghem, Belgium, January 18, 1938, etc.
Certified January 24, 1938, etc.
Entered at New York, N. Y., February 7, 1938, etc.
Entry No. 105241, etc.

(Decided November 21, 1945)

*Siegel & Mandell* (*Samuel T. Siegel* of counsel) for the plaintiff.
*Paul P. Rao*, Assistant Attorney General (*Daniel I. Auster*, special attorney), for the defendant.

KINCHELOE, Judge: The appeals for reappraisement listed in schedule A, hereto attached and made a part hereof, have been submitted for decision upon the following stipulation of counsel for the parties hereto:

It is hereby stipulated and agreed by and between the attorneys for the parties hereto, subject to the approval of the court, that the facts and issues involved

in the appeals to reappraisement listed in the schedule attached hereto and made a part hereof, are the same in all material respects as the facts and issues involved in *United States* v. *Golding Bros. Co., Inc.*, Reap. Dec. 5282, decided May 26, 1941.

That merchandise similar to that herein involved was freely offered for sale, at the time of exportation of the merchandise herein, in the principal market of Belgium, to all purchasers, in the usual wholesale quantities, in the ordinary course of trade, for exportation to the United States, at the invoice prices of the merchandise herein involved, less carriage to Antwerp as invoiced.

That the foreign values, on the date of exportation, were not higher than the export values.

It is further stipulated and agreed that the record in Reap. Dec. 5282 be incorporated and made a part of the record in the appeals noted in the schedule attached hereto and made a part hereof, and that the appeals to reappraisement as noted in the attached schedule are submitted upon this stipulation.

On the agreed facts I find the export value, as that value is defined in section 402 (d) of the Tariff Act of 1930, to be the proper basis for the determination of the value of the merchandise here involved, and that such values are the invoice prices, less carriage to Antwerp as invoiced.

Judgment will be rendered accordingly.